UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK NIGEL ATKINS,

        Petitioner,

v.

                                Case No. 1:10-cv-321
                                Hon. Robert J. Jonker

CINDI S. CURTIN,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner in a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**    **Background**

On September 6, 2007, following trial, petitioner was convicted of armed robbery, M.C.L. 750.529, assault with intent to commit armed robbery, M.C.L. 750.89, felon in possession of a firearm (felon-in-possession), M.C.L. 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L. 750.227b. Petitioner's convictions arose from an incident on April 22, 2007, where he and an accomplice attempted to rob a CVS/pharmacy at gunpoint. *People v. Atkins*, No. 281337, slip op. (Mich. App. March 3, 2009) (docket no. 20); Trial Trans. I at 12-13, 28.[1] Petitioner was sentenced as a habitual offender, third offense, M.C.L. 769.11,

---

[1] The trial transcripts (which are not numbered) are identified as follows: Trial Trans. I (July 30, 2007) (docket no. 15); Trial Trans. II (July 31, 2007) (docket no. 16); Trial Trans. III (Aug. 10, 2007) (docket no. 17); and Trial Trans. IV (Aug. 14, 2007) (docket no. 18).

to prison terms of 15 to 30 years for the armed robbery and assault with intent to commit armed robbery convictions, and 2 to 5 years for the felon-in-possession conviction. He also received a mandatory 2 year sentence for the felony-firearm conviction. *See People v. Atkins*, No. 281337 at 1; Sentencing Trans. (Sep. 6, 2007) at 13-14 (docket no. 19).

Petitioner, through counsel, appealed the following issue to the Michigan Court of Appeals:

> I. Was the verdict against the "great weight of the evidence" and based on insufficient evidence and was [petitioner]'s state and federal constitutional right to be free from conviction in the absence of proof beyond a reasonable doubt violated?

Petitioner's Brief on Appeal (docket no. 20). The Court of Appeals affirmed his convictions. *People v. Atkins*, No. 281337.

Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court raising the same issue, which was denied. *People v. Atkins*, No. 138698 (Mich. Aug. 6, 2009). Petitioner subsequently filed the present habeas petition raising the same issue.

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the issue raised in his petition.

Where the state court has adjudicated a claim on its merits, federal habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, – U.S. –, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."

*Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### III. Discussion

**Was the verdict against the "great weight of the evidence" and based on insufficient evidence and was [petitioner]'s state and federal constitutional right to be free from conviction in the absence of proof beyond a reasonable doubt violated?**

#### A. Petitioner's Issue

Petitioner contends that the prosecution failed to introduce sufficient evidence that he participated in the robbery which led to his convictions. Petitioner's Reply at 6 (docket no. 11). The Michigan Court of Appeals correctly held that there was sufficient evidence to prove beyond a reasonable doubt the essential elements of armed robbery, assault with intent to commit armed robbery, felon-in-possession, and felony-firearm.

While the state appellate court discussed the sufficiency of the evidence for each of the crimes petitioner was convicted of, petitioner's brief only argues that there is no evidence that he was present at the CVS/pharmacy to commit the crimes. The Michigan Court of Appeals properly addressed this issue as well, concluding that petitioner did in fact commit the crimes. *People v. Atkins*, No. 281377 at 5.

### B. Sufficiency of the evidence

The state appellate court properly addressed this issue. In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that the Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis added). In evaluating a sufficiency of the evidence claim, the court views both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the factfinder's verdict. *United States v. Rayburn*, 495 F.3d 328, 337-38 (6th Cir. 2007). The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).[2]

---

[2]

The Michigan Court of Appeals utilized the same standard of review for both petitioner's "insufficiency of the evidence" and "great weight of the evidence" claims. *People v. Atkins*, No. 281377 at 5. A state prisoner's claim that the jury verdict was against the great weight of the evidence is considered to be a state law claim not cognizable of federal habeas review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence"); *Cukaj v. Warren*, 305 F.Supp.2d 789, 796 (E.D. Mich. 2004) (Federal Courts have "no power to grant habeas relief on a claim that a state conviction is against the great weight of the evidence"); *Crenshaw v. Renico*, 260 F.Supp.2d 826, 834 (E.D. Mich. 2003). The critical distinction between the two lies in the effect of the respective reversals. A trial judge's decision that a jury verdict is against the weight of the evidence results in a new trial, not an acquittal. *See* MCR 6.431; *Tibbs v. Florida*, 457 U.S. 31, 32 (1982) (holding that a reversal based on the weight of the evidence, rather than the sufficiency of the evidence, permits the state to initiate a new prosecution). "A reversal based on the weight of the evidence . . . can occur only after the State has presented sufficient evidence to support conviction and has persuaded the jury to convict. The reversal simply affords the defendant a second opportunity to seek a favorable judgment." *Tibbs*, 457 U.S. at 42-43. On the other hand, an appellate determination that the prosecution proffered insufficient evidence of guilt "is comparable to an acquittal, and

The Michigan Court of Appeals correctly held that petitioner was properly convicted of armed robbery. The elements of armed robbery are: (1) an assault, (2) accompanied by a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon. *People v. Smith*, 733 N.W.2d 351, 365 (Mich. App. 2007). An assault "requires proof that the defendant made either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Watkins*, 634 N.W.2d 370, 382 (Mich. App. 2001). Evidence at trial showed that petitioner pointed a gun at the cashier's chest and demanded money. Trial Trans. I at 14-16. The Michigan Court of Appeals concluded "that when [petitioner] threatened the cashier with the gun, [petitioner] placed the cashier in reasonable apprehension of being shot if he failed to comply with [petitioner]'s demands. As a result, [petitioner] committed an assault, the first element of battery." *People v. Atkins*, No. 281377 at 2 (citation omitted). The state court held that the second element of armed robbery was met through an aiding-and-abetting theory. "The proofs established that [petitioner] aided and abetted his accomplice in taking property belonging to the CVS store in the immediate presence of its employees." *People v. Atkins*, No. 281377 at 2; Trial Trans. I at 25-26. The state court also found that while the identity of the other gunman was never discovered, undisputed testimony and video evidence established that there was another gunman and that petitioner cooperated with him. *People v. Atkins*, No. 281377 at 2-3; Trial Trans. I at 24-26. Concerning the final element of the offense of armed robbery, evidence established that petitioner had a silver revolver. *People v. Atkins*, No.

---

the Double Jeopardy Clause precludes a second trial." *Monge v. California*, 524 U.S. 721, 729 (1998). *See Burks v. United States*, 437 U.S. 1, 5-18 (1978); *Greene v. Massey*, 437 U.S. 19, 24 (1978).

281377 at 3. There was trial testimony and video confirming that petitioner had a gun and the police later recovered the silver revolver from the CVS/pharmacy. Trial Trans. I at 14-15, 48, 58, 62, 67.

The Michigan Court of Appeals also concluded that petitioner was properly convicted of assault with intent to commit armed robbery with respect to the store supervisor. *People v. Atkins*, No. 281377 at 3. The elements of that crime are: (1) the commission of an assault with force and violence, (2) an intent to rob or steal, and (3) the defendant's possession of a dangerous weapon. *People v. Akins*, 675 N.W.2d 863, 873 (Mich. App. 2003). Petitioner "forced the supervisor to open the safe by placing her in reasonable apprehension that she would be shot if she did not comply." *People v. Atkins*, No. 281377 at 4. The state court held that petitioner's intent to rob or steal was established as he demanded money from the store safe and he was in possession of a revolver throughout the entire criminal episode. *Id.* The state court concluded that each element of assault with intent to commit armed robbery were met and that petitioner was properly convicted.

Additionally, the Michigan Court of Appeals concluded that petitioner had been properly convicted of felon-in-possession.

> [M.C.L. 750.224f] makes it a crime for a person who has been convicted of a 'specified felony'–one that either involves a substantial risk of, or containst as an element the threatened, attempted, or actual use of, physical force against a person or property–to possess a firearm until that person has had the right to possess a firearm restored....

*People v. Perkins*, 703 N.W.2d 448, 450 (Mich. App. 2005). In the present case, the state court held that:

> The parties stipulated that [petitioner] had a prior felony conviction, thus making him ineligible to lawfully possess a gun. Further, [petitioner] possessed a firearm during the commission of the instant felonies. The evidence presented at trial was sufficient to sustain [petitioner]'s conviction of felon-in-possession.

*People v. Atkins*, No. 281377 at 4 (citation omitted). The state appellate court concluded that there was sufficient evidence to convict petitioner of this crime. Based on the record in this case, the court concludes that the Michigan Court of Appeals properly found that petitioner's convictions were supported by sufficient evidence.

Finally, the Michigan Court of Appeals held that petitioner was properly convicted of felony-firearm. "To be guilty of felony-firearm, one must *carry* or *possess* [a] firearm, and must do so *when* committing or attempting to commit a felony." *People v. Burgenmeyer*, 606 N.W.2d 645, 649 (Mich. 2000) (emphasis original). Several witnesses testified that petitioner was armed with a revolver and pointed it at the cashier's chest and back. *People v. Atkins*, No. 281377 at 4; Trial Trans. I at 17-18, 30-32, 37-38, 42-43. The elements of felony-firearm are proven by these facts.

Petitioner does not contend that there is insufficient evidence to prove the elements of the crimes for which he has been convicted in his issue here, rather, he argues that the evidence is insufficient to identify him as being at the CVS/pharmacy and committing the crimes. However, the Michigan Court of Appeals addressed the sufficiency of the evidence with respect to the elements of the crimes petitioner was convicted of. If petitioner intended that his issue for this court encompassed the sufficiency of the evidence for the elements of the crimes, this court holds that the state appellate court's review was proper.

The Michigan Court of Appeals addressed petitioner's identity issue as follows:

> The prosecution established defendant's identity as one of two armed robbers on the basis of circumstantial evidence. Police officers recovered a yellow and black cellular phone from the scene of the crime. Officers traced a "home" number stored in the phone to the residence of defendant. The prosecution also established that a customer struck a blow to one perpetrator's face. At the time of arrest, defendant had an injury to his left eye.

*People v. Atkins*, No. 281377 at 1.

Petitioner argues that there is no evidence directly connecting him to the incident. He points out that the finding of his cell phone at the scene is not proof that he participated in the robbery. Petitioner's Reply at 6 (docket no. 11). Evidence to support a conviction, however, can be circumstantial. "Circumstantial evidence and reasonable inferences that arise from the evidence can constitute sufficient proof of the elements of a crime." *People v. Atkins*, 675 N.W.2d 863, 873 (Mich. App. 2003). In petitioner's case, the CVS/pharmacy videotape showed two African-American male robbers whose physical characteristics were evident. Trial Trans. I at 10, 12-13, 28. The trial court determined petitioner could be the taller, slimmer armed robber. Trial Trans. IV at 8-11. Further, Howard Lowry, one of the CVS/pharmacy customers, punched the taller, slimmer armed robber in the face. *Id.*, at 51-53. Lowry's punch was recorded on the CVS/pharmacy videotape and showed Lowry's impact to the left side of the robber's face. Trial Trans. III at 26-27. On the afternoon of the day of the robbery, Peaches Newson, petitioner's brother's cousin, saw petitioner's eye injury at his mother's house and testified that it had not been there a couple of days earlier. Trial Trans. I at 71-73, 79, 96-97. When Newson asked petitioner about it, he told her that "some guys jumped him." *Id.* Additionally, petitioner dropped his cell phone during his struggle with Lowry. Trial Trans. I at 23-25, 39, 44, 55-57. In addition to the names and numbers of petitioner's acquaintances and girlfriend, the police also found a "home" number and traced it to petitioner's mother's address. Trial Trans. I at 64-65. This evidence, taken together, was sufficient to allow a factfinder to determine that petitioner participated in the robbery of the CVS/pharmacy.

The Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, petitioner is not entitled to relief on this issue.

### IV.  Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED**. Rule 8, Rules of Governing § 2254 Cases in the United States District Courts.

Dated:  August 17, 2012         /s/ Hugh W. Brenneman, Jr.
                                HUGH W. BRENNEMAN, JR.
                                United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LcivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).